UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SCOTT
JAVENS, JEAN McCLELLAN
CHAMBERS, and others similarly
situated,

      Plaintiffs,

v.                                            CASE NO. 3:22-cv-666-MMH-MCR

FRESENIUS MEDICAL CARE
INTERNATIONAL, *et. al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Complaint Amended and Request for Injunction (Doc. 4) ("Amended Complaint") and Plaintiff Javens' Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Amended Application") (Doc. 7). For the reasons stated herein, the undersigned recommends that the Application

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

be **DENIED** and the case be **DISMISSED without prejudice**.

## I. Background

On June 14, 2022, Plaintiffs Christopher Scott Javens and Jean McClellan Chambers filed an Emergency Complaint and Request for Injunction. (Doc. 1) ("the original Complaint") along with Plaintiff Javens' initial Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) ("First Application"). As an initial matter, Plaintiffs styled their Complaint as an "emergency," requesting a temporary injunction to enjoin Defendants from discharging Mr. Javens from the dialysis treatment facility. (Doc. 1) The undersigned entered an order on June 22, 2022, finding a lack of subject matter jurisdiction and standing, but allowed Plaintiffs the opportunity to cure their deficiencies "[o]n or before June 29, 2022." (Doc. 3 at 7.)

In accordance with the June 22, 2022 Order, Plaintiffs filed the instant Amended Complaint on June 29, 2022, along with another Application. (Docs. 4, 5.) On July 1, 2022, the Court entered an Order denying without prejudice Plaintiffs' request for a temporary restraining order or preliminary injunction, but informed Plaintiffs that if they intend to seek such relief, "they may do so by filing a motion which complies with the forgoing [Local] Rules." (Doc. 6 at 4.) On August 9, 2022, Mr. Javens filed his Amended Application (Doc. 7). To date, no motion for temporary restraining order or

preliminary injunction has been filed.

The Amended Complaint names Christopher Scott Javens, Jean McClellan Chambers, and "others similarly situated" as Plaintiffs in this matter. (Doc. 4 at 1.) There are several Defendants listed, including Fresenius Medical Care International, Fresenius Medical Care North America, several purported corporate officers, and "other unidentified or unknown persons." (*Id*.) The statement of claim sets forth a narrative, which describes, *inter alia*, Plaintiffs' concerns surrounding "the accuracy and certification of the clinic scale," "extended absences of the Clinic Manager, Marla Allen," and "complaints of medical issues after treatment." (*Id*. at 9.) The Amended Complaint reads in relevant part as follows:

> Events and dates began shortly after my initially having need [sic] to attend the clinic for dialysis treatment commencing in August 2021[.] As I became more knowledgeable about the dialysis process with my rights as a patient, questions were slowly building with minor incidents in Oct[.] 2021 over the accuracy and certification of the clinic scale, on several occasions in the process of weigh in/weigh out[.] I noted a strange inconsistency of the exit weight being as much as 2 [kilograms] more than when I weighed in. This should not have been. Then[,] combined with questions over the extended absences of the Clinic Manager, Marla Allen; with repeated complaints of medical issues after treatment, (after arriving home, within an almost predictable time frame, I would beg[in] extensively coughing and heaving, leaving me drained and exhausted for as much as 24 [hours]) which the clinical [personnel] did not even note and have [continued] to ignore my complaint[s] along with my former [n]ephrologist. . . .
> . . .

3

> I finally, even though from my experience of the past months did not give me much hope of being heard, I plucked up the courage to speak out about my issues with confrontation occurring on the dates of Apr[.] 20, Apr[.] 22, & Apr[.] 29, 2022. What has arisen from these dates is very evident singling out of my person for special derogatory treatment by staff in the clinic along with the sudden use of security ***only*** when I am present. Members of the Clinic staff are alleging improper language and aggressive behavior etc.[,] BUT, I have not threatened anyone, I ***have*** voiced my strong grieved opinion about the treatment [protocol] of my person to be most unwelcome and not appropriate.

(*Id.* (emphasis in original).)

The Amended Complaint further alleges that Plaintiff Javens was served with a Notice of Discharge informing him that he had 30 days to seek treatment at another clinic. (*Id.* at 10.) Additionally, Plaintiffs claim that "[w]ithout sufficient monetary damages, and/or criminal charges, considering [Mr. Javens'] limited resources[,] [he] would not be able to realistically access an alternative ongoing treatment location." (*Id.* at 15.) Lastly, in addition to injunctive and monetary relief, Plaintiffs seek "an investigation into the practices of the clinic . . ." (*Id.* at 17.)[2]

## II. Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has

---

[2] Attached to the Amended Complaint are several exhibits, including what appear to be references to other federal civil cases involving Fresenius Medical Care, Fresenius Medical Care's Patient Responsibilities form, and a dialysis machine article. (*See* Docs. 4-1, 4-2.)

4

demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the application sufficiently demonstrates the plaintiff meets the financial criteria to proceed in forma pauperis, when such an application is filed, the court is also obligated to review the case and dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To show entitlement to relief, a plaintiff must include a short and plain statement of facts in support of her claims. Fed.R.Civ.P. 8(a). This statement of facts must show the plausibility of plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5

Further, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by pro se parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed.R.Civ.P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.  Analysis

Even when construed liberally, Plaintiffs' Amended Complaint fails to state a claim on which relief may be granted. Although the allegations appear to center around Plaintiff Javens' involuntary discharge from Fresenius Medical Care, the narrative set forth in the Amended Complaint is not a short and plain statement showing entitlement to relief. At best,

6

Plaintiffs assert several conclusory allegations of discrimination and violations of patient rights, all while outlining Mr. Javens' grievances with management, equipment, and patient treatment. Moreover, the basis for this Court's jurisdiction is unclear. Aside from Plaintiffs' addition of various federal statutes, the Amended Complaint is almost identical to the original Complaint. (*See* Doc. 4 at 6.) Plaintiffs allege "[i]n this instance, [s]ubject [m]atter [j]urisdiction has been previously established by several related cases previously adjudicated in Federal District Court." (*Id.*) Plaintiffs also list Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, Patient Protection and Affordable Care Act, Section 1557 of the Patient Protection and Affordable Care Act, and various Title 42 chapters, sections, and subparts. (*Id.*) Apart from injunctive relief, which the Court has already ruled upon, Plaintiffs do not allege the cause(s) of action they seek to assert under these statutes, nor do they allege facts supporting the material elements of a *prima facie case* so that Defendants may frame a responsive pleading.

Moreover, like the original Complaint, Plaintiffs' Amended Complaint lacks diversity of citizenship. It has long been the general rule that complete diversity of parties is required in order for diversity jurisdiction to exist; that is, no party on one side may be a citizen of the same State as any party on the other side. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Diversity

7

jurisdiction exists over a controversy between citizens of different states. *See* 28 U.S.C. § 1332(a).  Here, there is no complete diversity of citizenship, as Plaintiff Javens and Defendants Allen, Rogers, Abdalla, Hehn, and Elbert are all citizens of Florida.  (Doc. 4 at 5.)  "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  Plaintiffs have failed to meet their burden of establishing any federal jurisdiction in this matter.  The Court cannot arbitrarily assume jurisdiction in this case simply because Plaintiffs allege that there have been other cases involving Defendants in federal district courts.

    Lastly, to no avail, the Amended Complaint attempts to cure the issue as to whether Plaintiff Chambers has standing.  To have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision. *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003).

    Here, regarding Plaintiff Chambers' standing, the Amended Complaint explains:

> Since I now have short term memory recall issues due to my

> strokes, these are the most egregious incidents I am able to recall [sic] many details and dates [sic] [,] which I have to rely on family members to assist me in many ways.  Because of this issue, [m]y Co-Plaintiff is a primary witness to the above behaviors by members of this clinic location.  Her standing is also an Heir at Law and an aggrieved party as members of the clinic have tried using her to force decisions on my person.

(Doc. 4 at 10.)  Without more, Plaintiff Chambers' connection to this matter is blurred.[3]  Ms. Chambers has not alleged an injury in fact, as both the original Complaint and the Amended Complaint almost entirely allege incidents solely affecting Mr. Javens.  (*See generally* Docs. 1, 4.)  In Plaintiff's own words, Ms. Chambers is a "primary witness" to the alleged incidents. Without satisfying each standing element, an alleged witness does not automatically have the right to file suit in federal court.

Because Plaintiffs were already given an opportunity to amend and Plaintiffs have not filed a proper motion for a temporary restraining order, the undersigned recommends that the Amended Application be denied and that this action be dismissed without prejudice for failure to state a claim on

---

[3] The undersigned has also contemplated the possibility of third-party standing relative to Ms. Chambers, but again, insufficient facts have been alleged to meet that threshold.  *See Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1041–42 (11th Cir. 2008) (ruling that in order to bring claims on behalf of third parties, a litigant must satisfy three important criteria: he/she must have suffered an "injury-in-fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.)

which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Amended Application (**Doc. 7**) be **DENIED**.

2. The action be **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 22, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiffs